IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CARL HOBBS, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. DLB-25-1373 |
| WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, | * | |
| | * | |
| Defendant. | | |

**MEMORANDUM OPINION**

On January 17, 2025, a Washington Metropolitan Area Transit Authority ("WMATA") bus collided with Carl Hobbs's parked vehicle, totaling the vehicle. Hobbs, an attorney who represents himself in this litigation, filed suit against WMATA in state court. WMATA removed the case to this Court. Hobbs filed an amended complaint and a motion for entry of default against WMATA. WMATA then moved to dismiss the original complaint for lack of jurisdiction and failure to state a claim. Because WMATA has responded to the complaint, the Court denies Hobbs's motion for entry of default. The Court finds WMATA's motion to dismiss moot because it attacks Hobbs's original complaint, which became moot when Hobbs filed his amended complaint. Nonetheless, the Court must dismiss the negligence; negligent hiring, retention, and supervision; and punitive damages claims for lack of subject matter jurisdiction. The Court dismisses the *respondeat superior* and negligence per se claims for failure to state a claim. Hobbs shall have the opportunity to amend the *respondeat superior* claim.

**I.      Background**

On January 17, 2025, a WMATA bus driver had a heart attack while operating a WMATA bus. ECF 7, ¶¶ 7, 8. The bus collided with Hobbs's parked vehicle, which was totaled as a result. *Id.* ¶¶ 7, 13. Hobbs sued WMATA for negligence; negligent hiring, supervision, and retention of

the WMATA bus driver; and punitive damages. ECF 4. On April 30, 2025, WMATA removed the case from state court to federal court. ECF 1.

On May 29, Hobbs filed an amended complaint, realleging negligence and punitive damages; combining negligent hiring, supervision, and retention into one count; and adding counts for *respondeat superior,* negligence per se, and damages. ECF 7. He alleges that "WMATA knew or should have known that its operator had preexisting medical conditions that rendered him medically unfit to safely operate a commercial vehicle" but "failed to take reasonable steps to screen, monitor, and restrict medically unfit personnel from active duty on public roadways." *Id.* ¶¶ 14–15. He claims WMATA was negligent "by allowing a medically unfit driver to operate a bus without reasonable precautions or reassessment." *Id.* ¶ 19. And, he claims WMATA "negligently hired, supervised, or retained the operator involved despite actual or constructive knowledge of their unfitness." *Id.* ¶ 23. In his count for *respondeat superior*, he claims that "WMATA is vicariously liable for the operator's negligent acts under the doctrine of respondeat superior." *Id.* ¶ 27. In his negligence per se claim, he alleges WMATA's "violations constitute negligence per se . . . ." *Id.* ¶ 29.

On July 16, Hobbs filed a motion for Clerk's entry of default because WMATA had not responded to the amended complaint. ECF 8. Two days later, on July 18, WMATA filed a motion to dismiss the original complaint for lack of jurisdiction and failure to state a claim. ECF 9 (mot.), 14 (re-filed mot.), 14-1 (mem.). The Clerk's Office notified Hobbs of the filing, ECF 15, but he did not respond.

## II.   Procedural Posture

Pending are Hobbs's motion for entry of default and WMATA's motion to dismiss. Hobbs's motion for entry of default is denied because WMATA now has responded to the

complaint and the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

WMATA's motion to dismiss is moot because it inexplicably focuses on the counts alleged in the original complaint even though WMATA moved to dismiss long after Hobbs filed an amended complaint. The original complaint became moot when Hobbs filed the amended complaint. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) ("Ordinarily, an amended complaint supersedes those that came before it."). Therefore, WMATA's motion to dismiss the original complaint is denied as moot.

Even though WMATA has not moved to dismiss the amended complaint, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see* Fed. R. Civ. P. 12(h)(3) (stating that if at any time a court determines that it does not have subject matter jurisdiction, "the court must dismiss the action").

### III. Sovereign Immunity

Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state unless the state consents. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Cunningham v. Gen. Dynamics Info. Tech., Inc.*, 888 F.3d 640, 649 (4th Cir. 2018) (holding that sovereign immunity deprives the court of subject-matter jurisdiction).[1] WMATA is

---

[1] In addition to consent, there are two other exceptions to Eleventh Amendment immunity: (1) when it is abrogated by Congress; and (2) when the plaintiff seeks "prospective injunctive relief against state officials acting in violation of federal law." *See Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012) (quoting *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004)). Neither exception applies here.

a multistate agency. *Smith v. WMATA*, 290 F.3d 201, 206 (4th Cir. 2002). Generally, multistate agencies "are not accorded governmental immunity absent some 'good reason to believe' that immunity was intended to be conferred upon them." *Id.* (quoting *Morris v. WMATA*, 781 F.2d 218, 224 (D.C. Cir. 1996)). Good reason exists here. The WMATA Compact, signed by Maryland, Washington, D.C., and Virginia, "evinces the clear intent of its signatories to effect such a conferral." *Id.*; *see Burkhart v. WMATA*, 112 F.3d 1207, 1216 (D.C. Cir. 1997).

The WMATA Compact explicitly provides that WMATA "shall be liable . . . for its torts and those of its Directors, officers, employees and agents committed in the course of any proprietary function . . . but shall not be liable for any torts occurring in the performance of a governmental function." *Burkhart*, 112 F.3d at 1216 (quoting D.C. Code § 1–2431(80)); *see* Md. Code Ann., Transp. § 10–204(80) (2000) (same). This immunity for "quintessential government functions" extends to "discretionary" activities but not "ministerial" ones. *Burkhart*, 112 F.3d at 1216 (quoting *Dant v. District of Columbia*, 829 F.2d 69, 74 (D.C. Cir. 1987)). In *Burkhart*, the D.C. Circuit held that "decisions concerning the hiring, training, and supervision of WMATA employees are discretionary in nature, and thus immune from judicial review" as "governmental functions." *Id.* at 1217. Although the Fourth Circuit has not addressed the issue, the Fourth Circuit has stated that "a proper consideration in construing the [WMATA] Compact is the maintenance of consistency between the legal interpretations of the 'two federal circuits most likely to hear cases in which [METRO] is a party,' i.e., this Court and the Court of Appeals for the District of Columbia." *Smith*, 290 F.3d at 207 (quoting *Lizzi v. Alexander*, 255 F.3d 128, 134 (4th Cir. 2001)). At least one other district court, relying on *Burkhart*, has found WMATA immune to claims of negligent hiring, supervision, and retention. *E.g.*, *Est. of Staton v. Bottalico*, No. PWG-20-3628, 2022 WL 1127901, at *6 (D. Md. Apr. 15, 2022). This Court, too, follows *Burkhart*. Accordingly,

2

Hobbs's claim for negligent hiring, supervision, and retention is dismissed without prejudice for lack of subject matter jurisdiction.

As for his negligence claim, Hobbs alleges that WMATA was negligent "by allowing a medically unfit driver to operate a bus without reasonable precautions or reassessment." ECF 7, ¶ 19. This is an allegation of negligent supervision. *See Mitchell v. Rite Aid of Md., Inc.*, 290 A.3d 1125, 1160 (App. Ct. Md. 2023) (discussing elements of negligent supervision and noting "an employer has a duty to use reasonable care . . . to refrain from retaining the services of an unfit employee" and that, "[a]t the least, employers are required to 'make some reasonable inquiry before . . . retaining the employee to ascertain his fitness, or the employer must otherwise have some basis for believing that he can rely on the employee" (first quoting *Perry v. Asphalt & Concrete Servs., Inc.*, 133 A.3d 1143, 1155–56 (Md. 2016) (citation omitted), and then quoting *Evans v. Morsell*, 395 A.2d 480, 484 (Md. 1978))). Thus, the Court treats Hobbs's negligence claim as a negligent supervision claim and dismisses it because WMATA is immune to the claim. *See Burkhart*, 112 F.3d at 1216–17.

WMATA also is immune to claims for punitive damages.[2] *Doe v. WMATA*, 453 F. Supp. 3d 354, 366–67 (D.D.C. 2020) ("[I]t is clear to the Court that the punitive damages count in Doe's complaint is also subject to dismissal on sovereign immunity grounds" because "'[p]unitive damages cannot be recovered, as a matter of law, against a state-level governmental entity possessing sovereign immunity like WMATA[.]'" (quoting WMATA mot.)). The *Doe* Court noted that though the WMATA Compact provides for tort liability, it "is silent on the matter of punitive

---

[2] "It is a well settled proposition in Maryland law that a cause of action does not exist for punitive damages alone." *Shabazz v. Bob Evans Farms, Inc.*, 881 A.2d 1212, 1233 (Md. Ct. Spec. App. 2005) (citing *Philip Morris Inc. v. Angeletti,* 752 A.2d 200 (Md. 2000); *Shell Oil Co. v. Parker,* 291 A.2d 64 (Md. 1972)). Nor is damages a cause of action. The Court considers what damages Hobbs may recover on his standalone claims.

2

damages." *Id.* (quoting *Teart v. WMATA*, 686 F. Supp. 12, 13 (D.D.C. 1988)). Silence cannot waive sovereign immunity. The request for punitive damages is dismissed for lack of subject matter jurisdiction.

### IV. Remaining Claims

This Court has the inherent authority to dismiss a claim *sua sponte* if the allegations are frivolous. *See Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court's authority to dismiss frivolous claims "even in the absence of [a] statutory provision"); *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015) (unpublished) (mem.) ("Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee."); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (unpublished) (same); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (same); *Smith v. U.S. Dep't of Def.*, No. ELH-21-1836, 2021 WL 3367821, at *1 (D. Md. Aug. 3, 2021); *Ausar-El v. Hogan*, No. PJM-19-3040, 2020 WL 1187139, at *1 (D. Md. Mar. 11, 2020). A claim "is frivolous where it lacks an arguable basis either in law or in fact," as the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by* 28 U.S.C. § 1915 *on other grounds*.

Count III is for *respondeat superior*. "*Respondeat superior* is 'a means of holding employers . . . vicariously liable for the tortious conduct of an employee acting within the scope of his/her employment.'" *Davis v. Frostburg Facility Operations, LLC*, 177 A.3d 709, 722 (Md. 2018) (quoting *Serio v. Baltimore Cnty.*, 863 A.2d 952 (Md. 2004)). Thus, "proof of the employee['s] negligence . . . is a prerequisite to proving a claim for *respondeat superior*." *Id.* "[R]*espondeat superior* is not, itself, an independent cause of action," which means "a *respondeat*

*superior* claim cannot be brought in a vacuum; it must be connected to some other independent cause of action." *Lavine v. Harris*, No. 9, Sept. Term, 2024, 2025 WL 879802, at *9 (App. Ct. Md. Mar. 21, 2025). Hobbs alleges "WMATA is vicariously liable for the operator's negligent acts under the doctrine of respondeat superior," ECF 7, ¶ 27, but he does not allege that the bus operator was negligent. Because *respondeat superior* is merely a means of holding an employer vicariously liable for tortious conduct of its employees and Hobbs has not alleged that WMATA's employee was negligent, Hobbs has not stated a claim for *respondeat superior*. This claim is dismissed without prejudice.

Hobbs asserts negligence per se, alleging WMATA's "violations constitute negligence per se . . . ." ECF 7, ¶ 29. Hobbs does not allege what statute or ordinance WMATA has violated. Moreover, although the violation of a statute or ordinance is negligence per se in some states, it is only evidence of negligence in Maryland. *See Maurer v. Penn. Nat'l Mut. Cas. Ins. Co.*, 945 A.2d 629, 634 (Md. 2007); *Brooks v. Lewin Realty III, Inc.*, 835 A.2d 616, 620 (Md. 2003); *Joseph v. Bozzuto Mgmt. Co.*, 918 A.2d 1230, 1242–43 (Md. Ct. Spec. App. 2007). Hobbs cannot state a claim for negligence per se under Maryland law. *See Hughes v. Costco Wholesale Corp.*, No. LKG-23-2997, 2024 WL 2882179, at *3 (D. Md. June 7, 2024) ("[N]egligence *per se* is not an independent cause of action under Maryland law."); *Hanson v. Hanson*, No. GLR-19-2214, 2020 WL 4734313, at *2 (D. Md. Aug. 14, 2020) ("Maryland does not recognize negligence per se as an independent cause of action. . . . '[I]t is a settled common law rule in Maryland that a violation of a relevant statute or ordinance may be evidence of negligence to be considered by the trier of fact, although such violation does not establish negligence ... as a matter of law.'" (quoting *Maurer*, 945 A.2d at 634)); *Bray v. Marriott Int'l*, 158 F. Supp. 3d 441, 444–45 (D. Md. 2016) ("[W]hile '[t]he majority of state courts treat the violation [of a statutory standard] as negligence per se . . .

2

Maryland is among the minority of states that treat the violation simply as evidence of negligence.'" Consequently, there is no cause of action for negligence per se under Maryland law, and to the extent Bray alleges one, it is dismissed." (quoting *Rivers v. Hagner Mgmt. Corp.*, 959 A.2d 110, 123 (Md. Ct. Spec. App. 2008))). This claim is dismissed with prejudice.

V.   **Conclusion**

Hobbs's motion for default judgment is denied. WMATA's motion to dismiss is denied as moot. Hobbs's claims for negligence; negligent hiring, supervision, and retention; and punitive damages are dismissed without prejudice for lack of subject matter jurisdiction. His *respondeat superior* claim is dismissed without prejudice, and his negligence per se claim is dismissed with prejudice. Hobbs is granted 21 days to file a second amended complaint limited to a claim for *respondeat superior* liability based on the bus operator's alleged negligence, if Hobbs has a good faith basis for doing so. *See* Fed. R. Civ. P. 11(g). Hobbs's claim for damages is construed as a request for recovery, not a standalone claim.

A separate order shall issue.

Date: October 27, 2025

_____
Deborah L. Boardman
United States District Judge

2